Our final case of the morning is United States v. Brandon. Ms. Pavlo. Good morning. May it please the court, counsel, my name is Susan Pavlo and I represent appellant John Brandon who is appealing the denial of his motion to suppress evidence. We submit that the district court erroneously denied the motion in several respects. First, the consent to search form was signed after the gun and the drugs were already recovered. Even under the clearly erroneous standard, we submit that the district court erred in the credibility determination. Ms. Hearns testified on several occasions as well as talking with agents that she signed the consent to search form after officers returned to the home that evening, actually in the early morning hours of October 21, long after the contraband was recovered and long after Mr. Brandon was in custody. But even if she had not testified, the physical evidence establishes that the consent also occurred after the search. The consent form in this case has a different event number than the event number that was given to officers on the scene. The consent form has no inventory number written on it, which is used to track the item through the Chicago Police Department inventory system. Counsel, what difference does the form make? The question is whether consent was given in fact and the district judge answered yes. We believe the district judge was erred in that respect for this reason. The forms are important because the forms show something more than just an instance of one person saying one thing and the officer saying another. The forms are independent evidence and quite frankly they corroborate Ms. Hearns, most importantly because the inventory system that the Chicago Police Department uses says that this item, this consent to search form, was recovered on October 21. That corroborates Ms. Hearns that the officers returned to the home that evening. You're still proceeding as if we were the district judge hearing a motion to suppress. We're not. In the Court of Appeals, why is the district judge forbidden to find that consent was given, given the actual live testimony of witnesses? She's not forbidden from making that conclusion. Well, unless she is forbidden from making that conclusion, it's not going to be upset in a Court of Appeals. We are not a court of first instance. Understood, but the factual determinations of a district court are reviewed in this court under a clearly erroneous standard and this is not a matter of weighing what one person said over another person. These forms indicate that this consent was signed after the contraband was recovered. Ms. Hearns, whether you believe her or not, has no access to the CPD inventory system. That system says this form was recovered October 21. So it's not a matter of weighing her testimony versus the police officers. She would have no way of making that system corroborate her. Also in the credibility determination, the officers consistently were impeached with their reports. The fact that they did come back and speak with Ms. Hearns later that morning is nowhere in a written report and in fact in their report they say that the car, Mr. Brandon's car, never left the scene. That's just not true. It left the scene. They came back in the early morning hours. They spoke with Ms. Hearns. They don't document that in a single piece of paper. They were further impeached. Officer O'Donovan indicated that his partner signed the form after the seizure of the contraband, but he told Agent Walsh that he signed it before. All of these inconsistencies combined with the fact that Ms. Hearns was consistent in her testimony that it was signed after the fact, as well as the independent evidence of the Chicago Police Department inventory log, support the fact that the district court erred in its credibility determination. Even if you believe that the consent was signed prior to the entry though, the officers were certainly aware that Mr. Brandon objected to their entry into his home. In Georgia v. Randolph, the Supreme Court indicated that a warrantless search was unreasonable where the tenant was present and objecting, so long as there is no evidence that the police have removed the potentially objecting tenant from the entrance for the sake of avoiding a possible objection. Here, the evidence is that the officers knew Mr. Brandon objected to the entry into their home. He was in the back of a squad car. When Ms. Hearns exited the home, they allowed her to actually get in the back of the squad car with Mr. Brandon, who's in custody, and have a private conversation. When she exited, Mr. Brandon told the officers that she, Ms. Hearns, could go into the residence and retrieve a firearm and give it to police officers. That's making Mr. Brandon's intent clear that the officers are not to go in the home. Ms. Hearns is going to do it. Knowing that Mr. Brandon objected, when Ms. Hearns gets to the porch of the house, that's when they talk to her about obtaining a consent to search form according to them. Mr. Brandon is far away, but he's still on the scene in the back of the police vehicle. Knowing he's objecting, they're speaking with her about consent out of earshot, but they actually go back to the same car where Mr. Brandon is to get the consent form out of the trunk. Instead of just speaking to him then about entering his home after he has said she's going to go in, not the officers, they again blatantly disregard him because they know he's not going to give consent, and they go to her to get the consent. This is precisely the situation that And so even if you believe that the court made an appropriate credibility determination under the facts as the officers indicated, and under Georgia v. Randolph, there is a conscious avoidance of the police officers from obtaining the consent from Mr. Brandon simply because they knew he was not giving it. For those reasons, as well as the other issues that we raised in the brief, we'd ask that you remand the matter back to the district court, and I'm going to save the rest of my time for rebuttal. Certainly, counsel. Mr. Ness. Thank you, Your Honor. May it please the court. The district court did not clearly err in finding that the search and arrest in this case did not violate the Fourth Amendment. Your Honor, is this finding rested on explicit credibility determinations that were rendered at the conclusion of the lengthy evidentiary hearing? As this court has observed, credibility determinations like these, especially when based on in-court observations, can virtually never be clear error. At that evidentiary hearing, the district court heard from several law enforcement witnesses. The court found those witnesses credible. This finding was consistent with the facts that were presented at the hearing, which showed that the two responding officers obtained the consent to search of someone who both appeared to and, in fact, had the authority to consent to the search. In contrast, the defendant presented one witness whom the court found to be biased and not credible. As the district court found, Ms. Hearns, the witness did not make eye contact with the court during her testimony, unlike the law enforcement officers. Ms. Hearns acted fidgety throughout her testimony, and that's a quote from the district court, particularly when the government played record... Perhaps that's why we can't make credibility determinations here. Exactly, Your Honor. As the court found, Ms. Hearns was... Although I'd hate to have a report made back to the district court about how many appellate judges are beginning to act fidgety at any given time in the argument. These findings, Your Honor, are not undermined by the defendant's arguments on this appeal. The testimony of all these witnesses was fully aired and considered carefully by the district court, and the defendant's attempt to relitigate that hearing here cuts against the appellate standard of review and should be rejected. For these reasons, Your Honor, we respectfully ask that the judgment of the district court be affirmed. Thank you. Thank you. Anything further, Ms. Pavlov? Not much to provide. You twitched. I understand Ms. Hearns was much less polished than the very experienced officers who testified, and I understand that a credibility determination is reviewed for clear error, and that is a somewhat difficult standard. Nonetheless, in light of all the issues raised in the brief, particularly the fact that the officers were impeached on numerous occasions, they had several issues, including lack of documentation, a report that was just wrong, and the fact that the independent evidence of the inventory system supports Ms. Hearns. We believe, based on those facts, you can consider that the credibility determination of the court was clearly erroneous in this case, and we ask that you do so. Thank you. Thank you very much, Counsel. We appreciate your willingness to accept the appointment and your assistance to the court. The case is taken under advisement and the court will be in recess.